IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **JOANN JONES,** | * | **CASE NO.: 06-11606-MAM-13** |
| | * | |
| **Debtor.** | * | |

| | | |
|---|---|---|
| **JOANN JONES,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| Vs. | * | **ADV. PROCEEDING NO.:** |
| | * | |
| **AMERIQUEST MORTGAGE** | * | |
| **COMPANY, and AMC MORTGAGE** | * | |
| **SERVICES, INC., as loan servicer** | * | |
| **For Ameriquest Mortgage Company,** | * | |
| | * | |
| **Defendant.** | * | |

## **COMPLAINT**

Introduction

1. This is an action for actual damages, statutory damages, treble damages, legal fees and expenses filed by the Debtor for the Defendant's violations of the Bankruptcy Code, Real Estate Settlement Procedures Act, Breach of Contract, other Damages.

Jurisdiction

2. This action arises under the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, et seq. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367, which arises in and relates to a Bankruptcy case filed under Title 11 of the United States Code.

3. This is a core proceeding as that term is defined by Section 157 (b)(2) of Title 28 of the United States Code in that this case concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code by Sections 1334-1337 of Title 28 of the United States Code.

4. This action is brought pursuant to Rules 7001(2) and 7023 of the Federal Rules of Bankruptcy Procedure.

Parties

5. The Plaintiff is a natural person residing at 1766 La Rue Drive, Mobile, AL 36618, and is also a Debtor under the provisions of Chapter 13 of Title 11 of the United States Code. The Plaintiff is hereinafter referred to as the "Debtor" or "Plaintiff."

6. Defendants, upon information and belief, are Ameriquest Mortgage Company and AMC Mortgage Services, Inc. as loan servicer for Ameriquest Mortgage Company, with the following business addresses:

> Ameriquest Mortgage Company
> Post Office Box 769
> Orange, CA 92866-9998
>
> AMC Mortgage Services, Inc.
> Post Office Box 769
> Orange, CA 92866-9998

7. The Defendants, have as bankruptcy counsel Stephens, Millirons, Harrison & Gammons, Post Office Box 307, Huntsville, Alabama 35804; however, the

Debtor is uncertain whether Stephens, Millirons & Gammons will enter an appearance for the Defendant(s).

Factual and Procedural Background

8. The Debtor filed a Chapter 13 bankruptcy on September 6, 2006 in the United States Bankruptcy Court for the Southern District of Alabama, Southern Division under the above case number.

9. On or about September 28, 2006, AMC Mortgage Services, Inc., in its capacity as servicer for Ameriquest Mortgage Company, filed a proof of claim, Claim no. 7, in the amount of $63,855.48 against the Debtor's estate.

10. On or about April 10, 2007, Ameriquest Mortgage Company filed an amended proof of claim to Claim no. 7 restating the amount of the claim as $6,164.90.

11. The Debtor objects to Claim no. 7, both the original and amended. Both claims are in excess of the amount legally and justly due.

Nature of Action

12. Plaintiff brings this action in a representative capacity to redress Defendants' acts of filing a false claim against the Plaintiff's bankruptcy estate for a debt arising from real estate loan transaction which resulted in a mortgage on Plaintiff's principal residence located in this District. Additionally, Plaintiff brings this action to redress a violation of RESPA and corresponding state law causes of action.

13. Specifically, Plaintiff claims Defendant Ameriquest Mortgage Company ("Ameriquest") in connection with a real estate settlement service imposed a "Loan Discount" fee for which no interest rate discount was given or bargained

for in connection with their loans. Ameriquest then filed a claim in this court for an amount that is higher than the amount to which Plaintiff is legally and justly obligated to pay.

14. A Loan Discount fee often called "points" or "discount points" is a one-time charge imposed by a lender to lower the interest rate at which the lender would otherwise offer the loan. Plaintiff was charged exorbitant amounts denominated as "loan discount" fees on their HUD-1s but did not receive a corresponding reduction in their interest rate.

15. Plaintiff asserts her claim individually and on behalf of a class of similarly situated individuals.

16. On November 4, 2004, Joanne Jones entered into a mortgage transaction with Ameriquest Mortgage Company. Ameriquest charged Jones a loan discount fee of $1,404.66. Ms. Jones did not negotiate for a buy-down of the interest rate nor did she receive a lower interest rate in return for paying points.

17. Plaintiff's loan was obtained in a consumer credit transaction and was primarily for personal, family or household purposes and the mortgage was secured by the Plaintiff's dwelling.

18. The Plaintiff's mortgage loan transaction and the transactions of the members of the Class described below were mortgage loan transactions pursuant to 12 U.S.C. §§ 2601 et seq. ("RESPA").

## POLICIES AND PRACTICES COMPLAINED OF

19. The claims for which the Defendant is liable, arise under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq.

20. RESPA requires the lender to provide the borrower a settlement statement which shall "conspicuously and clearly itemize all charges imposed upon the borrower … in connection with the settlement." 12 U.S.C. § 2603(a).

21. RESPA prohibits unearned fees: "No person shall give and no person shall accept any portion, split, or percentage of any charge, made of received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b).

22. The "loan discount fee" under line item 802 of the standard HUD-1 is often times called "points" or "discount points." A loan discount is a one-time charge imposed by the lender to lower the rate at which the lender would otherwise offer a loan to a consumer.

23. Ameriquest disguised unearned fees by calling them discount points on the HUD-1s. Although the HUD-1s showed an amount on line 802 as Loan Discount Points, they are in actuality bogus charges the purpose of which was to increase unearned compensation for Ameriquest.

EQUITABLE ESTOPPEL, EQUITABLE
TOLLING AND CLASS ACTION
TOLLING OF LIMITATIONS PERIOD

24. A consumer reviewing his or her HUD-1 without the benefit of an Ameriquest price list and rate sheet would be unable to determine that he or she had been overcharged for loan discount fees or the true purpose of the unearned fees.

25. Ameriquest knowingly and actively misled the Plaintiff and the Members of the Plaintiff's Class from pursuing their claims by, among other things:

a. Engaging in a scheme that was by its nature and design "self-concealing;"

   b. Knowingly and actively mischaracterizing and misrepresenting amounts paid for charges;

   c. Engaging in deception, fraud and taking unfair advantage of borrower's lack of understanding of loan terms.

26. Plaintiff exercised reasonable diligence during her loan transactions and dealings with Ameriquest and in reviewing of their loan documentation, she could not have, nor been reasonably expected to, uncover the true facts.

## CLASS ACTION ALLEGATIONS

27. This action is properly brought as a Plaintiff Class Action under Fed. R. Civ. P. 23, Plaintiff proposes, as the definition of the Class, the Class consist of all persons nationwide and within the territories of the United States who satisfy the following criteria:

   a. That obtained a mortgage loan from Ameriquest that was secured by a first or second mortgage on residential real property used by them as their principal dwelling; and

   b. Charged a fee for a "loan discount" for which no discount in the interest rate was received; and

   c. The class period shall extend back to a date five (5) years prior to the filing of this suit.

28. Plaintiff pleads a subclass to include all debtors in Bankruptcy proceedings filed under Title 11 of the United States Code within the Class defined above and against whom Ameriquest filed a claim.

29. The Class Members are so numerous that individual joinder of all members is impractical.

30. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual Class Members and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other Class Members are identical, the only difference being the exact monetary amount to which each Class Member is entitled, as a matter of mere mathematical calculation. The principal common issues are:

    a. The nature and extent of the predatory lending scheme;

    b. Whether the Class Members' HUD-1 or HUD1-A Settlement Statements uniformly misrepresented the true nature of the "loan discount" fees charged and imposed on their loans;

    c. Whether the predatory lending scheme violated RESPA;

    d. Whether Defendant is liable to the Class Members for violations of RESPA;

    e. The nature and extent of the remedies available to the Class Members under RESPA;

    f. The nature and extent of the declaratory and injunctive relief available to the Class Members; and

31. The Plaintiff's claims are typical of those of the members of the Class and are based on the same legal and factual theories.

32. The representative Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has suffered substantial economic injury in her

own capacity from the practices complained of and understands the nature of her duty as a representative of the Class, the nature and extent of her claims against Defendant and the relief available to them and the Class Members. Neither Plaintiff nor her counsel has any conflicting interests, which might cause them not to vigorously pursue this action.

33. Plaintiff has retained counsel with extensive knowledge of RESPA and who is experienced in handling class actions and actions involving predatory lending and unlawful commercial practices. Accordingly, the undersigned Counsel will provide adequate representation of the Plaintiff and the Class.

34. Certification of a Plaintiff class under Fed. R. Civ. P. 23(b)(3) is also appropriate as to Defendant, in that common questions common to the Class predominate over any questions pertaining to individual Class Members and a Plaintiff class action is superior to other available methods for the fair and efficient adjudication of this controversy. A Plaintiff class action will cause an orderly and expeditious administration of Class Members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class Members are certain to be unaware of and ignorant of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendant. Expecting the Class Members to bring claims individually is unrealistic and unfeasible, which is evidenced by the fact that Congress specifically provided for class actions in TILA and HOEPA. The only practical means of rectifying these problems and providing wide spread relief is through class action procedure.

## COUNT I
### Violations of the Real Estate Settlement Procedures Act

35. Each preceding paragraph of this Complaint is hereby incorporated as if fully set forth herein.

36. Ameriquest's predatory lending scheme violates RESPA at 12 U.S.C. § 2607.

37. The note and mortgage that each Plaintiff and Class Member entered into with Ameriquest created a "federally related mortgage loan" as defined at 12 U.S.C. § 2602(1).

38. The section 802 charges listed on the HUD-1s were imposed for services that were not bona fide, not rendered, not paid or for nominal, unreasonable or duplicative services for which no fees were earned and for which no fees should have been imposed, all in violation of RESPA at 12 U.S.C. § 2607, and RESPA's implementing regulations, Regulation X, at 24 C.F.R. § 3500.14.

39. The HUD-1s were actually being used to conceal unearned charges and fees.

40. As a result of the RESPA violations above alleged, Plaintiff and the Class have been damaged in an amount to be determined at a trial of this action, where they will seek all permissible damages, treble damages, costs and reasonable attorneys' fees.

## COUNT II
### Breach of Contract

41. Each preceding paragraph of this Complaint is hereby incorporated as if fully set forth herein.

42. The parties entered into a contract for a mortgage.

43. Defendant breached that contract by charging Plaintiff a loan discount fee without actually providing a lower interest rate or other reasonable service in return.

## COUNT III
### Unjust Enrichment

44. Each preceding paragraph of this Complaint is hereby incorporated as if fully set forth herein.

45. Defendants have been unjustly enriched as a result of the wrongful acts and omissions described herein.

46. Defendants have received and retained money and debt from the imposition of unlawful unearned fees and further received and retained interest on the unearned fees.

47. Plaintiff and Class Members, in justice and fairness, are entitled to restitution of all unearned fees charged by Defendants and further, entitled to recover interest and other cost collected on said unearned fees, interest and any and all other relief deemed appropriate by the Court.

Prayer for Relief

WHEREFORE, on all asserted causes of action against Defendant, Plaintiff prays for judgment against Defendant, as follows:

a. For an Order appointing the undersigned counsel to act as interim Class Counsel pursuant to Fed. R. Civ. P. 23 to act on behalf of the putative Class before the determination of whether to certify the Class under Fed. R. Civ. P. 23(b)(3) is made;

b. For an Order certifying that this action may be maintained as a Plaintiff class action, as defined above, under Fed. R. Civ. P. 23(a), 23(b) and 23(b)(3);

c. For an Order appointing the Plaintiff to act as representatives of the Class Members and the Class;

d. For an Order appointing the undersigned counsel as Class Counsel;

e. For an Order directing that reasonable notice of this Class action be given to all members of the Class at the appropriate time after discovery and dispositive motions have been resolved;

f. For violating RESPA, an Order finding that the Defendant is liable as a matter of law to each member of the Class for actual damages; and

g. For violating RESPA, an Order awarding treble damages to the Class Members;

h. For a breach of contract, a judgment awarding damages to the Class Members;

i. For a permanent injunction enjoining Defendant, together with its officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert with them or by agreement with them from directly or indirectly engaging in the wrongful acts and practices described above, all for the benefit of the Class Members; and

j. For an order directing disgorgement or restitution against Defendant as to each Class Member and the imposition of an equitable constructive trust over such amounts for the benefit of the Class Members; and

k. A judgment of monetary damages against Defendant as to each Plaintiff for not only such prohibited or excess fees, but for all interest that has been contracted for or charged or paid by each of the Class Members, through the date of judgment or settlement and the value of such interest that is due and owing in the future; and

l. For a judgment of punitive damages against the Defendant in a sum that is fair and reasonable; and

m. For reasonable attorneys' fees as provided by law and statute; and

n. For pre-and-post judgment interest as provided by law in amount according to proof at trial; and

o. For an award of costs and expenses incurred in this action; and

p. For such other and further relief as the Court may deem necessary and proper.

          Respectfully Submitted,

          /s/ John W. Sharbrough, III
          John W. Sharbrough, III
          As Special Counsel for Plaintiff

OF COUNSEL:
THE SHARBROUGH LAW FIRM
P.O. Box 996
Mobile, AL 36601-0996
(251) 432-1413
(251) 432-5297 (fax)
john@sharbroughlawfirm.com

Arthur P. Clarke
Attorney at Law
P.O. Box 1666
Mobile, AL 36633-1666
Aclarke3@bellsouth.net

Richard H. Gill
George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, AL 36101-0347
(334) 834-1180
(334) 834-3172 fax
gill@copelandfranco.com
walker@copelandfranco.com

C. Knox McLaney, III
McLaney & DeBray, P.C.
Post Office Box 4276
Montgomery, AL 36101-4276
(334) 265-1282
(334) 265-2319 fax
[ckmclaney@aol.com](mailto:ckmclaney@aol.com)